**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | |
|---|---|
| Case No.  **CV 24-3278-JFW(MRWx)** | Date:  February 18, 2025 |

Title:      Josh Webber -v- Damon Anthony Dash

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (In Chambers):  ORDER STRIKING ANSWER OF DEFENDANT DAMON DASH**

"District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). "Only 'willfulness, bad faith, and fault' justify terminating sanctions." *Id.* (citations omitted).  In deciding whether to impose the harsh sanction of default judgment, the Court considers the following factors: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (quoting *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)).

In this case, Defendant Damon Anthony Dash has repeatedly violated the Court's orders, the Federal Rules of Civil Procedure, and the Local Rules and has failed to meaningfully participate in this action.  For example, Defendant (1) failed to cooperate in the preparation of the Joint Rule 26(f) Report in violation of Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and the Court's June 21, 2024 Order (*see* Docket No. 31); (2) failed to cooperate in scheduling the private mediation required by the Court's July 24, 2024 Orders (*see* Docket Nos. 33, 34, 94); (3) failed to timely serve his initial disclosures and failed to timely respond to discovery requests (*see* Docket Nos. 72, 94); (4) failed to timely file an Opposition to Plaintiff's Motion for Summary Judgment (*see* Docket No. 62); and (5) most importantly, failed to file the required Pre-Trial documents and/or failed to cooperate in the preparation of the required Pre-Trial Documents as required by the Court's Scheduling and Case Management Order filed on July 24, 2024 (*see* Docket Nos. 34, 98-104).  The Court warned Defendant multiple times that failure to comply with the Court's Orders would result in the entry of default against him.  *See, e.g.*, Standing Order

[Docket No. 17] at 22 ("If counsel fail to cooperate in the preparation of the required Joint Rule 26 Report . . . and such failure is not otherwise satisfactorily explained to the Court . . . default judgment shall be entered if such failure occurs on the part of the defendant[.]"); Court Order dated June 21, 2024 (Docket No. 25) ("If counsel fail to file the required Joint Report . . . and such failure is not otherwise satisfactorily explained to the Court . . . default judgment shall be entered if such failure occurs on the part of the defendant[.]"); Scheduling and Case Management Order filed on July 24, 2024 (Docket No. 34) ("If counsel fail to cooperate in the preparation of the required Pre-Trial documents [or] fail to file the required Pre-Trial documents, . . . and such failure is not otherwise satisfactorily explained to the Court: . . . default judgment shall be entered if such failure occurs on the part of the defendant."). Notably, Defendant has made no attempt to explain his failure to file his Pre-Trial Documents to the Court.

After considering all of the relevant factors and the extensive record of Defendant's willful disobedience of the Court's Orders, the Court **STRIKES** Defendant's Answer (Docket No. 21). The clerk shall enter default against Defendant Damon Anthony Dash. Plaintiff shall file a Motion for Default Judgment on or before **March 3, 2025**, which shall include proof of his damages. The Motion for Default Judgment shall be filed in full compliance with the Local Rules, including Local Rule 7-3.

IT IS SO ORDERED.